IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LESLIE IBSEN ROGGE,

        Petitioner,

v.

MARION FEATHER,

        Respondent.

Case No. 3:15-cv-01732-HZ

OPINION AND ORDER

Anthony D. Bornstein, Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Jared Hager, Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

    Attorney for Respondent

1 - OPINION AND ORDER

HERNANDEZ, District Judge.

In 1984, Congress passed the Sentencing Reform Act ("SRA") as part of the Comprehensive Crime Control Act, significantly altering the administration of federal sentences. Federal inmates are generally entitled to parole consideration for crimes committed prior to the SRA's effective date of November 1, 1987. Federal sentences imposed for crimes committed after the SRA's effective date are determinate in nature with no opportunity for parole, and carry less generous good-time credit calculations for prisoners than pre-SRA sentences.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the computation of his federal sentence stemming from crimes committed both before and after the effective date of the SRA. He claims that despite the judicial imposition of three concurrent sentences in the Western District of Arkansas in 1997, the Bureau of Prisons ("BOP") structured his sentences in a way that requires him to serve a portion of those sentences consecutively. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## DISCUSSION

On October 3, 1984, a jury found petitioner guilty of two counts of Armed Bank Robbery in the Southern District of Florida, and the trial judge sentenced petitioner to 25 years in

2 - OPINION AND ORDER

prison. The following year, petitioner was convicted of two counts of Armed Robbery in the District of Idaho and sentenced to two 20-year prison terms. The 20-year sentences were ordered to run concurrently with each other, with one of the 20-year sentences running consecutively to the 25-year sentence from Southern Florida for an aggregate sentence of 45 years.

On September 29, 1985, petitioner left federal custody in what he characterizes as an erroneous release, but respondent describes as an escape. Irrespective of how petitioner's absence is construed, he was no longer serving his federal sentence from September 29, 1985 until his arrest in Guatemala on May 19, 1996.

During the years petitioner was no longer incarcerated, he committed three more bank robberies and related crimes in Arkansas (1986), North Carolina (1986), and Missouri (1991). Petitioner was prosecuted and convicted of these charges in the Western District of Arkansas which imposed sentences of 240 months for the North Carolina crimes, 180 months for the Arkansas crimes, and 180 months for the Missouri crimes. The court ran all of these sentences concurrently with each other, but consecutively to the undischarged terms of imprisonment from Southern Florida and Idaho. Petitioner's Exhibit C. p. 3.

3 - OPINION AND ORDER

Although appearing relatively straightforward, petitioner's sentence posed a technical problem for the BOP. The bank robberies in Arkansas and North Carolina, like those in Southern Florida and Idaho, took place prior to the effective date of the SRA such that petitioner was eligible for parole as to those sentences as well as the more generous, pre-SRA accrual of good-time credits. He was not, however, entitled to the same credits and parole eligibility for his post-SRA Missouri sentence. As a result, the BOP was unable to aggregate all of petitioner's sentences and instead calculated his imprisonment in terms of two different sentences: (1) a pre-SRA aggregated sentence covering petitioner's convictions from Southern Florida, Idaho, North Carolina, and Arkansas; and (2) a consecutive post-SRA sentence stemming from his Missouri convictions. *See* Program Statement 5880.28 (a pre-SRA sentence cannot be aggregated with a post-SRA sentence).

In his Petition, petitioner alleges that the BOP is improperly running two of his three sentences from the Western District of Arkansas consecutively. He asserts that his 180-month Missouri sentence has a commencement date of March 19, 2035 such that his good-time release date is not until April 12, 2048. Petition (#1), p. 5. Based upon petitioner's assertions, the court appointed counsel to represent him in this matter.

4 - OPINION AND ORDER

Appointed counsel filed a Memorandum in support of the Petition wherein he states that the BOP incorrectly calculated an aggregated pre-SRA term of 65 years.[1] Importantly, he represents that this error has now been corrected. Memo in Support (#21), p. 3. Similarly, Patricia Kitka, a Management Analyst for the BOP, declares that "[a]s a result of this litigation, I did find an error which has since been corrected. Petitioner's new law sentence now shows commencement upon the release date of his 45-year 'old law' sentence[.]" Declaration of Patricia Kitka (#7), p. 6.

Based upon the representation of petitioner's appointed attorney as well as the Kitka Declaration, petitioner's claim appears to have been resolved. The record reflects that petitioner is still serving his 45-year sentence from his Southern Florida and Idaho convictions, and that while the BOP will require him to serve his 180-month post-SRA Missouri conviction consecutively, it has properly run the North Carolina and Arkansas sentences concurrently.

Although petitioner's appointed attorney raises a new claim challenging petitioner's parole guideline range, a supporting

---

[1] The 65-year figure represents petitioner's pre-SRA sentence if the BOP ran the 240-month North Carolina sentence consecutively to the 45-year term of imprisonment stemming from petitioner's Southern Florida and Idaho convictions. Petitioner's position is that the BOP did this, and also ran

5 - OPINION AND ORDER

memorandum is not the appropriate document in which to plead new claims. Even if this were not the case, petitioner has not carried his burden as to this claim, and the record before the court does not support it.

Petitioner's supporting memorandum also takes issue with the BOP policy establishing two different sentences predicated on the dates of his offenses, but he does not suggest an alternative method of aggregating sentences that accrue good-time credits differently and which differ in terms of parole eligibility, nor does he provide any authority to support his contention that the BOP's policy for dealing with the sentencing conflicts is not reasonable. To the contrary, the BOP's approach reasonably addresses legislatively-driven inconsistency in the administration of federal criminal sentences. *See Chevron, U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 845 (1984) (where an agency fills a statutory gap with its own policy, its construction will be upheld if it provides "a reasonable accommodation of conflicting policies"). Because petitioner's sentence is being properly administered, the Petition for Writ of Habeas Corpus is denied.

///

---

his post-SRA 180-month Missouri sentence consecutively to his pre-SRA sentence, contrary to the Judgment from the Western District of Arkansas.

6 - OPINION AND ORDER

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied.

IT IS SO ORDERED.

DATED this _27_ day of May, 2016.

                                      _____
                                      Marco A. Hernandez
                                      United States District Judge